UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
TODD BUI,                          )
                                   )   Case No. C04-0304L
                    Petitioner,    )
                                   )
        v.                         )
                                   )   ORDER GRANTING MOTION FOR
DEPARTMENT OF HOMELAND             )   RECONSIDERATION AND
SECURITY, *et al.*,                )   AWARDING FEES AND COSTS
                                   )
                    Respondents.   )
_____)

This matter comes before the Court on "Petitioner's Motion for Reconsideration of Order Denying Application for Attorney's Fees." Petitioner filed a timely motion for reconsideration asserting manifest error in the Court's determination that respondents' positions before and during litigation were substantially justified. The Court requested additional briefing on the motion and the matter is now ripe for consideration.

In support of his argument, petitioner notes that respondents recently admitted that they had misapplied the good moral character standard for a number of years, including the period of time in which petitioner's application for naturalization was pending. Respondents acknowledge that, during the relevant period of time, they applied an "overly stringent" good moral character standard "based on an applicant having an insignificant criminal law violation," but argue that that particular defect was not at work in petitioner's case. It is undisputed,

ORDER GRANTING MOTION FOR
RECONSIDERATION

however, that, until petitioner sought judicial review, the only justification for the rejection of petitioner's application was that he was "arrested and charged with Driving Without A License and Making False Statement to Public Servants" and subsequently "found guilty and convicted of Driving Without License in the King County District Court . . . ." Petition for Review, Ex. G (Dkt. # 1). Throughout the entire administrative process, respondents relied upon an insignificant criminal law violation (*i.e*., driving without a license) to deny petitioner's application for naturalization. In Lee v. Ashcroft, C04-449 (W.D. Wash.) and now this case, respondents have all but acknowledged that "an isolated traffic offense does not preclude a naturalization applicant from establishing good moral character." Decl. of Robert J. Orkin at 3 (Dkt. # 26). A rejection based on such an isolated, insignificant criminal violation was not substantially justified. Regardless of the fact that respondents were able to articulate additional reasons for the rejection of petitioner's application after he sought judicial review, respondents' pre-litigation position was not substantially justified and petitioner is entitled to an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

For all of the foregoing reasons, petitioner's motion for reconsideration is GRANTED. The Court having already found that petitioner was the prevailing party and that his attorney's fees and costs were reasonable, it is hereby ORDERED that respondents shall reimburse petitioner for fees in the amount of $9,647.20 and costs in the amount of $169.27, for a total of $9,816.47.

DATED this 26th day of April, 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
RECONSIDERATION            -2-